## In re Strunk

*C. R. Bensinger*, for petitioner; *Ira A. LaBar*, contra.

SHULL, P. J., October 30, 1933.—The question here involved is whether, under the law and the facts as disclosed by the evidence, this repondent, William C. Strunk, should be directed to pay the Commonwealth of Pennsylvania for the support and maintenance at the Allentown State Hospital, Allentown, Penna., of his son, Harold P. Strunk, who is a person of incompetent mind.

We find the following facts:

1. Harold P. Strunk is a person of incompetent mind and has been and is confined at the Allentown State Hospital, at Allentown, Penna., as an indigent patient.

2. The said Harold P. Strunk is of the age of 27 years.

3. William C. Strunk of the Borough of East Stroudsburg, Monroe County, Penna., is the father of the said Harold P. Strunk.

4. The said William C. Strunk is in the employ of the Prudential Company, and his earnings are based on commissions received for writing business, the collecting of industrial insurance premiums, and an allowance of $2 per week for expenses.

5. The duties of the said William C. Strunk require him to travel from place to place by automobile and he is so engaged for 6 days per week and uses a Ford coupe, in which he travels on an average of 50 miles per day in the performance of his work.

6. His total income, including commissions and expense money for the year 1932, was $2,577.11, and his income has been approximately that amount for each of the two preceding years.

7. The daily expense of the said William C. Strunk incurred in pursuing his occupation, said expenses consisting of maintenance and operating cost of his automobile and his personal maintenance, total approximately $5.

8. His net income is approximately $1,000 per year.

9. The said William C. Strunk is married and has four children exclusive of the said Harold P. Strunk, all of whom are being supported by him at the present time.

The testimony discloses that William C. Strunk, the respondent in this petition, earned the sum of $2,577.11 in the year 1932. It likewise discloses that the expense attached to earning that sum, due to the fact that he is almost continually traveling by automobile and away from his home a considerable part of the time, is approximately $1,500 per year. This leaves for the support and maintenance of himself and his family, which consist of a wife and four children, the sum of approximately $1,077 per year, or $20.70 per week for the maintenance of six people.

Were we to require this respondent to pay for the maintenance of his son, Harold P. Strunk, at the Allentown State Hospital, the expense of which, as set forth in the petition, is approximately $6 per week, it-would leave for the maintenance of this respondent and the five other members of his family the sum of $14.70 per week or $2.45 per person; and while, under stress, this perhaps could be done, there is no logical reason under the law or in common sense why it should be done when the head of the family can earn a slightly greater amount, and surely there is no presumption that this defendant can or should maintain the other members of his family at a less cost per person than the Commonwealth can maintain his mentally ill son at a State hospital. To require this respondent to contribute to the maintenance of his mentally ill son at the State hospital would be to impose an undue hardship upon him and the other members of his family.

### Conclusions of law

1. Under the law, William C. Strunk is liable to the Commonwealth of Pennsylvania and the County of Monroe for the support and maintenance of his son, Harold P. Strunk, if he is financially able to meet this responsibility.

2. The parent of a child committed to a State hospital for the mentally ill, who is likewise legally responsible for the support and maintenance of a wife and family with whom he is living, may not under the law be required to pay the Commonwealth of Pennsylvania or the county for the maintenance of his mentally ill child, unless he be of sufficient financial ability to do so after first providing necessities for the wife and minor children living with him.

And now, October 30, 1933, for the reasons above set forth, rule is discharged at the cost of the petitioner.

From C. C. Shull, Stroudsburg, Pa.